IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                No. CR 22-0109 JB

ADONAS T. CASIAS-GROVE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Supplemental to Sentencing Memorandum, filed December 20, 2022 (Doc. 35)("Supplemental Memo."). The primary issue presented is whether Defendant Adonas T. Casias-Grove's base offense level is subject to a 4-level increase pursuant § 2K2.1(b)(6)(B) of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). The Court concludes that Casias-Grove's offense level is not subject to a 4-level increase under U.S.S.G. § 2K2.1(b)(6)(B). Accordingly, with an offense level of 19 and a criminal history category of III, the Court concludes that the Guidelines establish an imprisonment range of 37 to 46 months.

## FACTUAL BACKGROUND

When considering an objection to a presentence report, and when neither party challenges the sufficiency of the presentence report's factual allegations, the Court can accept the presentence report's factual allegations as true. See Fed. R. Crim. P. 32(i)(3). Accordingly, the Court takes its facts from the Presentence Investigation Report, filed November 2, 2022 (Doc. 30)("PSR"). On December 8, 2021, after spotting a stolen vehicle outside of an Albuquerque, New Mexico department store, officers from the New Mexico State Police followed the vehicle to a nearby craft

store.  See PSR ¶ 8, at 3.  There were three people in the vehicle and Casias-Grove was a passenger. See PSR¶ 8, at 3.  The officers surveilled Casias-Grove at the craft store.  See PSR ¶ 8, at 3.  First, they watched while Casias-Grove and the two other people went inside the store, then the officers confronted the trio after they returned to the vehicle.  See PSR ¶ 8, at 3.  When the officers attempted to arrest Casias-Grove, he ran away from them.  See PSR ¶ 9, at 4.  While running, Casias-Grove tripped and fell.  See PSR ¶ 9, at 4.  The officers handcuffed and searched Casias-Grove and found "several syringes, at least one of which was uncapped; a small user-amount of marijuana; and a stolen Glock, model 48, 9 mm semiautomatic pistol bearing serial number BPZN5159."  PSR ¶ 9, at 4.  Officers also found two items that Casias-Grove had shoplifted from the craft store, the value of which was $13.98.  See PSR ¶ 10, at 4.

## PROCEDURAL BACKGROUND

On January 25, 2022, a grand jury indicted Casias-Grove on one count of violating 18 U.S.C. §§ 922(g)(1) and 924 for being a felon in possession of a firearm.  See Indictment, filed January 25, 2022 (Doc. 1).  On July 27, 2022, Casias-Grove pled guilty to one count of violating 18 U.S.C. §§ 922(g)(1) and 924 for being a felon in possession of a firearm.  See Plea Agreement at 3, filed July 27, 2022 (Doc. 27).  In the Plea Agreement, Casias-Grove also waives his right to appeal his "conviction and any sentence."  Plea Agreement at 9.

On November 2, 2022, the United States Probation Office ("USPO") filed the PSR.  The PSR indicates that Casias-Grove's base offense level is 20.  PSR ¶ 17, at 5.  The PSR reflects two offense-level enhancements: (i) a 2-level increase for possessing a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4)(A); and (ii) a 4-level increase for possession of a firearm and ammunition in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B).  See PSR ¶¶ 18-19, at 5.  The PSR also reflects two offense level reductions: (i) a 2-level decrease for acceptance

of responsibility pursuant to U.S.S.G. § 3E1.1(b); and (ii) a 1-level reduction for assisting authorities in the investigation or prosecution of his conduct pursuant to U.S.S.G. § 3E1.1(b). See PSR ¶¶ 25-26, at 5. In sum, the PSR establishes that Casias-Grove's total offense level is 23. See PSR ¶ 27, at 5. With an offense level of 23 and a criminal history category of III, the PSR calculates that Casias-Grove's Guideline imprisonment range is 57 to 71 months. See PSR ¶ 57, at 13.

On November 17, 2022, the United States filed the United States' Sentencing Memorandum (Doc. 32)("U.S. Sentencing Memo."). On December 8, 2022, Casias-Grove filed his Sentencing Memorandum (Doc. 34)("Defendant's Sentencing Memo."). Twelve days later, on December 20, 2022 -- the eve of Casias-Grove's sentencing hearing -- Casias-Grove filed the Supplemental Memo. See Supplemental Memo.

In the Supplemental Memo., Casias-Grove makes, for the first time, an objection to the PSR. See Supplemental Memo. at 1. More specifically, he contends that the PSR "increases the offence level by 4 points based on USSG §2K2.1(b)(4)(A) and asserts that the firearm which is the basis of the charge to which Mr. Casias-Grove has pleaded guilty was used in connection . . . with another felony offence." Supplemental Memo. at 1. He further explains:

> Mr. Casias-Grove would submit to the court that while he was in possession of the firearm, it was never exhibited nor brandished not pointed at anyone. The firearm was discovered in a back pack when Mr. Casias-Grove was apprehended when the vehicle in which he was riding was discovered to be stolen.
>
> The crime for which the enhancement is sought is Possession of a Stolen Vehicle, a crime for which Mr. Casias-Grove has not been charged, for which there is no indication that he even knew it was stolen, (it should be noted that when asked if he know if the firearm was stolen, Mr. Casias-Grove candidly stated he wasn't sure but he should have known because of where he purchased it.). The 4 point enhancement is inappropriate under the circumstances.

Supplemental Memo. at 2.


Case 1:22-cr-00109-JB   Document 38   Filed 12/21/22   Page 4 of 10

Later that day, the USPO filed the Addendum to the Presentence Report, filed December 20, 2022 (Doc. 36)("PSR Addendum"). In the PSR Addendum, the USPO acknowledges and responds to Casias-Grove's objection. See PSR Addendum at 1. It states:

> Pursuant to §2K2.1, Application Note 14(C), a criminal charge does not need to be brought, nor does a conviction need to be obtained, in order for the sentencing enhancement to be applied. Moreover, in a multitude of cases, the Tenth Circuit has upheld that a person's possession of a firearm has the potential of facilitating other crimes, because it emboldens the person to commit the other crimes. As an example, in the recent January 2022 case of U.S. v. Sanchez, [22 F.4th 940 (10th Cir. 2022)("Sanchez"),] the Tenth Circuit upheld the enhancement in a very similar case. Sanchez was found to be a felon in possession of a firearm, and like the defendant, he was also found to be in possession of a stolen vehicle. He objected to the enhancement and argued his possession of the firearm was merely coincidental to him being in possession of the stolen vehicle and that this was insufficient in establishing the firearm was possessed in connection with the stolen vehicle. The Tenth Circuit upheld the enhancement and explained his possession of the firearm had the potential of facilitating his possession of the stolen vehicle. It also emboldened him to maintain that possession in the event of him being confronted by police or the rightful owner of the stolen vehicle. A firearm is used in connection with another felony offense if it facilitates or has the potential of facilitating, or making easier, another felony offense. As such, the Probation Office asserts the enhancement has been properly applied in the PSR . . . .

PSR Addendum at 1. The USPO declines to amend the PSR to excise Casias-Grove's 4-level enhancement. See PSR Addendum at 1.

Later that day, the United States filed the United States' Response to Defendant's Objection to the Pre-Sentence Report, filed December 20, 2022 (Doc. 37)("Supplemental Memo. Response"). In the Supplemental Memo. Response, the United States contends that the 4-level enhancement is applicable in this case. See Supplemental Memo. Response at 1. Like the USPO, the United States alleges that this case is "essentially identical" to Sanchez and that Sanchez should control the Court's decision. Supplemental Memo. Response at 1-2. In fact, the United States goes further than the USPO and argues that there is a stronger case for applying the 4-level increase here than in Sanchez, because Casias-Grove possessed his gun "in connection with two other

felony offenses:" (i) possession of a stolen vehicle; and (ii) shoplifting. Supplemental Memo. Response at 2.

## ANALYSIS

Rule 32 of the Federal Rules of Criminal Procedure governs sentencing and judgment. See Fed. R. Crim. P. 32. Rule 32(c)(1) establishes that the USPO "must conduct a presentence investigation and submit a report to the court before it imposes sentence . . . ." Fed. R. Crim. P. 32(c)(1). Rule 32(d) governs a PSR's form and content. See Fed. R. Crim. P. 32(d). Rule 32(f) permits the parties to object to a PSR. See Fed. R. Crim. P. 32(f). More specifically, it establishes that, "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). Finally, rule 32(i)(3) establishes that the Court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3).

Here, the Court construes the Supplemental Memo. as raising an objection to the 4-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B).[1] U.S.S.G. § 2K2.1(b)(6)(B) applies where a defendant "used or possessed any firearm or ammunition in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6)(B). The Commentary to U.S.S.G. § 2K2.1(b)(6)(B) elaborates that "[s]ubsection[] (b)(6)(B) . . . appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(A). The Commentary further defines "other felony offense" as "any federal state, or local

---

[1] The Supplemental Memo. states that the 4-level enhancement is pursuant to U.S.S.G. § 2K2.1(b)(4)(A). See Supplemental Memo. at 1. That is incorrect. The offense level increase under U.S.S.G. § 2K2.1(b)(4)(A) is a 2-level increase. See PSR ¶ 18, at 5. The 4-level increase is pursuant to U.S.S.G. § 2K2.1(b)(6)(B). See PSR ¶ 19, at 5.

offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment of a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(C).

The Court sustains the objection. First, Casias-Grove contends that should not receive the 4-level increase because he was not charged with possession of a stolen vehicle. Second, Casias-Grove suggests that he should not receive the 4-level increase because the United States cannot prove that he knowingly possessed a stolen vehicle, or that he possessed the gun "in connection" with his possession of the stolen vehicle. U.S.S.G. § 2K2.1(b)(6)(B).

First, Casias-Grove's argument that he should not receive the 4-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a stolen vehicle, because he was not charged with possession of a stolen vehicle is beside the point. The Commentary to U.S.S.G. § 2K2.1(b)(6)(B) indicates that U.S.S.G. § 2K2.1(b)(6)(B) is applicable "regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(C). Accordingly, it is immaterial whether Casias-Grove was charged with -- or pled guilty to -- possession of a stolen vehicle in determining whether Casias-Grove should receive the 4-level increase.

Casias-Grove's second argument -- that he should not receive the 4-level enhancement because he did not know the vehicle was stolen-- is more compelling that his first argument. At bottom, the Court must determine whether Casias-Grove possessed the gun "in connection" with another crime if it is to impose the 4-level increase under U.S.S.G. § 2K2.1(b)(6)(B). U.S.S.G. § 2K2.1(b)(6)(B). On the limited record before the Court, the Court cannot find by a preponderance of the evidence that Casias-Grove committed another crime, and, if he committed another crime, whether he possessed or used the gun in connection with the other crime.. Casias-Grove asserts that he "never exhibited nor brandished no[r] pointed [the gun] at anyone." Supplemental Memo.

at 2. He also contends that, although he was a passenger in the stolen vehicle, "there is no indication that he even knew it was stolen." Supplemental Memo. at 2. Accordingly, the Court cannot find, by a preponderance of the evidence, that Casias-Grove, a passenger in a stolen vehicle, knowingly possessed the stolen vehicle, as State and federal law require. See 18 U.S.C. § 2313 ("Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any motor vehicle . . . . which has crossed a State or United States boundary after being stolen, knowing the same to have been stolen . . . ."); N.M.S.A. § 30-16D-1(A) ("Receiving or transferring a stolen vehicle or motor vehicle consists of a person who, with intent to procure or pass title to a vehicle or motor vehicle . . . that the person knows or has reason to believe has been stolen or unlawfully taken, received or transfers possession of the vehicle . . . .").

Further, even if the record permits a finding that Casias-Grove knowingly possessed the stolen vehicle, the record does not support a finding that Casias-Grove possessed the gun on December 8, 2021, "in connection" with his possession of the stolen vehicle. U.S.S.G. § 2K2.1(b)(6)(B). The Court does not see in the record evidence concerning the circumstances under which Casias-Grove and his associates obtained the vehicle. For example, the PSR does not say when or how the trio acquired the vehicle. Accordingly, the Court cannot, on the limited record before it, find by a preponderance of the evidence that the gun in any way "facilitated, or had the potential of facilitating" Casias-Grove's presence in the stolen vehicle. U.S.S.G. § 2K2.1(b)(6)(B). It seems plausible that Casias-Grove's possession of the gun was entirely coincidental to his presence in the stolen vehicle. For these reasons, the Court sustains the objection.

The case that the USPO and the United States invoke, Sanchez, 22 F.4th at 940, does not change the Court's analysis. There, officers identified Sanchez, a convicted felon, while he was

driving a stolen vehicle. See Sanchez, 22 F.4th at 941. Sanchez got out of the vehicle, and the officers approached him. See Sanchez, 22 F.4th at 941. Sanchez fled on foot. See Sanchez, 22 F.4th at 941. While running, he grabbed at his waistband, and a gun fell to the ground. See Sanchez, 22 F.4th at 941. Sanchez later acknowledged that: (i) he possessed a gun; (ii) he knew that the car was stolen; and (iii) he possessed the gun while driving the stolen vehicle. See Sanchez, 22 F.4th at 941.

The facts here differ from the Sanchez case. First, Casias-Grove avers that he did not know that the car was stolen. See Supplemental Memo. at 2. Second, Casisas-Grove was a passenger in the stolen vehicle, not a driver, and his status as a passenger makes finding "possession" more problematic. Third, Casias-Grove's gun was in a backpack, not readily accessible on his person, which further weakens a finding that he used the gun "in connection" with another crime. U.S.S.G. § 2K2.1(b)(6)(B). A gun in a backpack "emboldens" less than a gun on the body. Sanchez, 22 F.4th at 942. For these reasons, the "connection" between Casisas-Grove's possession of the gun and his presence in the stolen vehicle is less apparent than it was in Sanchez. U.S.S.G. § 2K2.1(b)(6)(B); see Sanchez, 22 F.4th at 941. In the end, the Court cannot say that Casias-Grove possessed the gun in "connection" with the stolen vehicle such that his possession of the gun "facilitated, or had the potential of facilitating" possession of the stolen vehicle. U.S.S.G. § 2K2.1(b)(6)(B).

The United States' argument that Casias-Grove possessed the gun "in connection" with shoplifting is also not availing because shoplifting items valued at $13.98 is not a felony under New Mexico State law. See Supplemental Memo. Response at 2. The Commentary to U.S.S.G. § 2K2.1(b)(6)(B) defines "other felony offense" as "any federal state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment of a term

exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(C). N.M.S.A. § 30-16-20(B)(1) establishes that shoplifting merchandise valued under $250.00 is a petty misdemeanor, not a felony punishable by imprisonment of a term exceeding one year. See N.M.S.A. § 30-16-20(B)(1). Accordingly, the fact that Casias-Grove possessed the gun while shoplifting does not support a finding that U.S.S.G. § 2K2.1(b)(6)(B) applies.

**IT IS ORDERED** that: (i) Defendant Adonas T. Casias-Grove's objection to the Presentence Investigation Report, filed November 2. 2022 (Doc. 30), is sustained; (ii) the applicable offense level is 19; (iii) the applicable criminal history category is III; and (iv) the United States Sentencing Guidelines establish an imprisonment range of 37 to 46 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Alexander M. M. Uballez
  United States Attorney
Jaymie L. Roybal
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Joseph E. Shattuck
Law Office of Joseph E. Shattuck
Scottsdale, Arizona

    *Attorney for the Defendant*